David A. Chami (AZ# 027585)
PRICE LAW GROUP, APC
1204 E Baseline Rd., Suite 102
Tempe, AZ 85283
Phone: 866-881-2133
Fax: 866-401-1457
Email: david@pricelawgroup.com
Attorneys for Plaintiff,
*Francis Michael*

# UNITED STATES DISTRICT COURT
# IN THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| FRANCIS MICHAEL,<br><br>        Plaintiff,<br><br>vs.<br><br>BORROWERSFIRST, INC.,<br><br>        Defendant. | **Case No.** 4:17-cv-3626<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227**<br>2. **TEX. FIN. CODE § 392** *et seq.* |

### DEMAND FOR JURY TRIAL

1. Please take notice that Plaintiff demands a trial by jury in this action.

### INTRODUCTION

2. Francis Michael ("Plaintiff") brings this action to secure redress from BorrowersFirst, Inc. ("Defendant" or "Borrowers") for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and TEX. FIN. CODE § 392 *et seq.*

3. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing

calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

4. The Texas Fair Debt Collection Practices Act ("TFDCPA"), TEX. FIN. CODE § 392 *et seq.*, prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

5. Jurisdiction of this court arises under 47 U.S.C. § 227 et seq. and 28 U.S.C. 1331.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant availed itself here, personal jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in Harris County, Texas.

8. Defendant BorrowersFirst is a financial institution with its principle place of business located in Austin, Texas.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. In or around July 2017, in an attempt to collect on an alleged consumer account, Defendant began calling Plaintiff on his cellular phone number ending in 9767.

11. Defendant called from the following numbers: (310) 460-0433; (310) 460-0436; (310) 460-460-0427; (310) 460-0439; (310) 460-0441; (404) 795-2220; (404) 795-

COMPLAINT AND DEMAND FOR JURY TRIAL

2221; (404) 795-2225; (615) 301-5480; (615) 301-5481; (615) 301-5485; (615) 301-5490; (615) 301-5491; (615) 301-5499; (646) 381-1460; (646) 381-1465; (646) 381-1472; (646) 381-1478; (773) 943-8547; (773) 943-8548; (773) 943-8549; (773) 943-8550; (773) 943-8557; (773) 943-8560; (773) 943-8561; and (773) 943-8564.

12. Upon information and belief, Defendant and/or its agents own and operate the phone numbers.

13. On or about July 10, 2017, Plaintiff received a call from (877) 806-8860 and spoke with a representative. During this call, Plaintiff unequivocally revoked consent to be contacted any further on his cellular phone.

14. Despite revoking consent, Plaintiff continued to receive phone calls from Defendant.

15. Between July 10, 2017 and August 15, 2017, Borrowers called Mr. Michael approximately fifty (50) times to annoy and harass him in the hopes that it could induce Plaintiff to pay the debt.

16. The Federal Communications Commission ("FCC") noted in its 2003 TCPA Order that a predictive dialer is "equipment that dials numbers and, when certain computer software is attached, also assists telemarketers in predicting when a sales agent will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *2003 TCPA Order*, 18 FCC Rcd at 14091, para. 131.

17. The FCC further explained that the "principal feature of predictive dialing software is a timing function, not number storage or generation." *Id*.

18. Finally, the FCC stated that "a predictive dialer falls within the meaning and statutory definition of 'automatic telephone dialing equipment' and the intent of Congress." *Id*. at 14091-92, paras. 132-33.

19. Defendant called Plaintiff up to four (4) times a day using a predictive dialer to predict when he would be able to answer his phone.

20. For example, on July 28, 2017, Mr. Michael received calls from Borrowers at 8:10 a.m., 8:11 a.m., 12:08 p.m., and 12:21 p.m.

21. Each time Plaintiff received a phone call from Defendant there was a brief pause prior to speaking with a representative, indicating the use of an automatic telephone dialing system.

22. On many occasions, Defendant left artificial or prerecorded voice messages for Plaintiff.

23. The majority of the calls that Plaintiff received were while he was driving, Plaintiff is a truck driver, which led to many interruptions in his workday.

24. The calls were extremely distracting and caused hazards for Plaintiff when the calls would interrupt him during his trips.

25. Plaintiff would also receive calls very early in the morning which then would disrupt his sleep and his pregnant wife's sleep.

26. This caused a great amount of stress for Plaintiff as he would have to wake up earlier than he anticipated given that he is a truck driver.

27. Due to Defendant's actions, Plaintiff has suffered emotional distress, invasion of privacy, and actual damages.

### COUNT I- FIRST CLAIM OF RELIEF
### Violations of the TCPA, 47 U.S.C. § 227

28. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

29. Defendant violated the TCPA. Defendant violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff using an artificial or prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

30. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every

violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II- SECOND CLAIM OF RELIEF
**(Violations of TEX. FIN. CODE § 392 *et seq.*)**

31. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

32. TEX. FIN. CODE 392.302(4) prohibits causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

33. Defendant called repeatedly and multiple times a day for over a month with the intent to harass Plaintiff. Therefore, Defendant violated TEX. FIN. CODE 392.302(4).

34. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

35. As a result of the foregoing violations of TEX. FIN. CODE § 392 *et seq.*, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff, Francis Michael, respectfully requests judgment be entered against Defendant BorrowersFirst, Inc., for the following:

COMPLAINT AND DEMAND FOR JURY TRIAL

A. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

B. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B) and 47 U.S.C. § (b)(3)(C);

C. Statutory damages of no less than $100.00 pursuant to TEX. FIN. CODE § 392.403(e);

D. Actual damages pursuant to TEX. FIN. CODE § 392.403(a)(2);

E. Costs and reasonable attorneys' fees pursuant to TEX. FIN. CODE § 392.403(b); and

F. Any other relief that this Honorable Court deems appropriate.

Respectfully submitted this 29th day of November 2017.

**PRICE LAW GROUP, APC**

By:/s/ *David Chami*
David Chami, Esq.
Attorneys for Plaintiff,
*Francis Michael*

COMPLAINT AND DEMAND FOR JURY TRIAL